UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WIL WATSON ET AL.                                                                CIVIL ACTION

VERSUS                                                                                  No. 13-5503

CLEAR CHANNEL BROADCASTING INC.                                  SECTION I

## ORDER

Before the Court is a motion[1] filed by defendant to strike sections of the first amended complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Plaintiffs[2] have filed an opposition.[3] For the following reasons, the motion is **DENIED**.

The Court assumes familiarity with the general background of the case.[4] Defendant argues that the Court should strike any "reference to separate EEOC charges of retaliatory termination against Clear Channel brought by Prixie Montgomery ['Montgomery'], Ave Gaines ['Gaines'], and Lela Logan ['Logan']"[5] and any reference to "litigation between Glenda Rounds and Defendant."[6]

---

[1] R. Doc. No. 52.
[2] The plaintiffs are Wil Watson, Prixie Montgomery, Ave Gaines, Darnetta Mahaffy-Nelson, Dinah Campbell, Brandin Campbell, and Gary Watson. R. Doc. No. 1, at 1.
[3] R. Doc. No. 56.
[4] *See* R. Doc. No. 57, at 1-3.
[5] R. Doc. No. 52-1, at 2; *see* R. Doc. No. 38, ¶¶ 16-17 ("Under separate charge numbers the EEOC likewise investigated complaints of retaliation against Clear Channel brought by African American Account Executives Prixie Montgomery, Ave Gaines and Lela Logan. . . . Lela Logan, an African-American who was hired after the Gonzales redistribution, was terminated just days after she protested racial issues to Vice President Mark Koppelman on or about February 2011. Prixie Montgomery, an EEOC charging party, was terminated on or about May 2011. Ave Gaines, another EEOC charging party was terminated on or about December 2011.").
[6] R. Doc. No. 52-1, at 4; *see* R. Doc. No. 38, ¶ 17 (". . . and despite the fact that in 2007 Clear Channel has been found to have violated the anti-retaliation provisions of the Civil Rights act of 1963 in similar circumstances in the matter of *Glenda R. Rounds v. Clear Channel Broadcasting, Inc.*, resulting in its paying a large judgment, . . .").

**STANDARD OF LAW**

Rule 12(f) of the Federal Rules of Civil Procedure allows courts to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." A motion to strike "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (citation omitted); *see also Calderon v. JPMorgan Chase Bank, N.A.*, No. 11-1910, 2012 WL 3484683, at *1 (E.D. La. Aug. 14, 2012) (Africk, J.) ("A motion to strike pursuant to Rule 12(f) is 'generally disfavored, and should be used sparingly' by the courts."). Whether to strike a pleading is a matter within the Court's discretion. *See Veranda Assocs., L.P. v. Hooper*, 496 F. App'x 455, 458 (5th Cir. 2012).

As previously stated by this Court, motions under Rule 12(f) are disfavored. A court should not strike any portion of a pleading as irrelevant unless "(1) there is no possible relation between the challenged portion of the pleading and the underlying controversy, and (2) the challenged portion of the pleading may prejudice the moving party." *Curran v. Aleshire*, No. 09-2993, 2009 WL 1402034, at *1 (E.D. La. May 14, 2009) (Zainey, J.). "'[E]ven when technically appropriate and well-founded,' motions to strike are not [to] be granted 'in the absence of a showing of prejudice to the moving party.'" *David v. Signal Int'l, LLC*, No. 08-1220, 2013 WL 2181293, at *2 (E.D. La. May 20, 2013) (Morgan, J.) (quoting *Abene v. Jaybar, LLC*, 802 F. Supp. 716, 723 (E.D. La. 2011)).

**DISCUSSION**

A.    **Retaliation Claims**

Defendant argues that any reference to retaliation claims is irrelevant, immaterial, and unrelated to this litigation.[7] Defendant contends that "EEOC charges alleging retaliation that

---

[7] R. Doc. No. 52-1, at 3.

were brought after the instant underlying charges have no bearing on the validity of the present discrimination lawsuit, particularly where those charges involve different employees and/or different claims."[8] Defendant contends that these references are outside the scope of the claims and the EEOC charges at issue because Logan is not a party to the suit and because the referenced retaliation occurred after the Gonzales account redistribution.[9] Defendant also claims that such references are "unfair and highly prejudicial" because the claims against Montgomery and Gaines came to a "confidential resolution between the parties."[10] Accordingly, defendant asserts that failure to strike this reference "would force the parties to delve into confidential matters and essentially re-litigate those issues."[11]

Plaintiffs contend that the incidents of retaliation "are relevant to show Defendant['s] continuous and repeated disregard for Title VII protections that should have been afforded to Plaintiffs."[12] Plaintiffs note that their "claim, in part, [is] that Defendant continues to operate under policies and practices that disparately treat and/or have a disparate impact on African American account executives" and, therefore, such retaliation is not irrelevant merely because it occurred after the Gonzales redistribution.[13] Plaintiffs further note that defendant has not filed any confidentiality agreement into the record, and they conclude, "Even if the confidentiality agreement applies to Montgomery and [Gaines], Defendant does not address how confidentiality between Montgomery, [Gaines,] and Clear Channel can be used to prevent the disclosure of relevant facts for or by the remaining plaintiffs."[14]

---

[8] R. Doc. No. 52-1, at 3.
[9] R. Doc. No. 52-1, at 3.
[10] R. Doc. No. 52-1, at 4.
[11] R. Doc. No. 52-1, at 4.
[12] R. Doc. No. 56, at 6.
[13] R. Doc. No. 56, at 5.
[14] R. Doc. No. 56, at 7.

Although defendant is correct that claims of retaliation "require[] a distinct and separate factual and legal analysis,"[15] the occurrence or non-occurrence of such retaliation could be probative on issues such as intent and punitive damages. With respect to Logan's retaliation claim, the Court cannot at this stage state that defendant's alleged disparate treatment of another African-American employee has no "possible relation" to plaintiffs' contention that defendant "continues to operate under [discriminatory] policies and practices."[16] Similarly, as this Court recognized in its January 22, 2014 order and reasons, plaintiffs are permitted to pursue any claims for account reassignments that occurred after the Gonzales redistribution which are not time-barred.[17] Accordingly, the mere fact that the alleged retaliation occurred after the Gonzales redistribution does not strip such retaliation of all relevance to the underlying controversy, as defendant suggests. Finally, any confidentiality agreements between defendant, Montgomery, and Gaines would not have any effect with respect to the other plaintiffs, who would not be bound by any such agreement, and the Court cannot determine at this time whether the confidentiality agreements would have any effect at all with respect to the presentation of evidence on the Montgomery or Gaines claims.[18]

Accordingly, with respect to the references to the retaliation charges, the Court cannot find that "there is *no possible relation* between the challenged portion of the pleading and the underlying controversy." See *Curran*, 2009 WL 1402034, at *1 (emphasis added).

---

[15] R. Doc. No. 52-1, at 3.
[16] R. Doc. No. 56, at 5.
[17] *See* R. Doc. No. 57, at 16.
[18] To the extent that the confidentiality agreements could present issues related to discovery, the U.S. Magistrate Judge is available to the parties to resolve any dispute. Regardless, a Rule 12(f) motion to strike is not the proper vehicle for addressing such concerns.

B. *Rounds v. Clear Channel Broadcasting, Inc.*

Second, regarding the references to *Rounds v. Clear Channel Broadcasting, Inc.*, Civil Action No. 03-1085 (E.D. La. filed Apr. 16, 2003), defendant argues that the litigation "has absolutely no bearing on the instant lawsuit" because it concluded prior to the events alleged in the first amended complaint and because it involved different individuals.[19] Defendant asserts that "pointing to a claim which is included solely to insinuate an unfounded pattern or history of discrimination has no place in this Complaint, and is highly prejudicial to Clear Channel."[20]

Plaintiffs argue that the case "is relevant to Plaintiffs' claims for punitive damages because it provides specific evidence that Clear Channel was put on notice in 2007 [when *Rounds* was resolved] that its policies and procedures were discriminatory and Clear Channel continue[d] to violate the federally protected rights of its employees."[21] Plaintiffs note that "Defendant's Senior Management has not changed dramatically since *Rounds*" and that because defendant "was put on notice of discriminatory practices by a lawsuit that was closed just two years before" the Gonzales redistribution, *Rounds* is "very relevant to Plaintiffs' claims for punitive damages" and issues of intent.[22]

The Court is unable to conclude that the reference to *Rounds* has no possible relation to the underlying controversy, especially in light of plaintiffs' claims for punitive damages. "Plaintiff complains that the malice and reckless disregard for Title VII protections permeates senior levels of Defendant's corporate structure,"[23] and the existence of a former lawsuit involving similar circumstances would have a reasonable relation to such a claim. Moreover,

---

[19] R. Doc. No. 52-1, at 5.
[20] R. Doc. No. 52-1, at 5.
[21] R. Doc. No. 56, at 7.
[22] R. Doc. No. 56, at 7.
[23] R. Doc. No. 56, at 9.

because the case has not yet been tried, the fact finder has not yet determined whether any "insinuation" of a "pattern or history of discrimination" is "unfounded," as defendant contends.[24] Accordingly, the Court cannot find that *Rounds* has "no possible relation" to relevant issues in the present litigation. *See Curran*, 2009 WL 1402034, at *1. Similarly, this Court makes no evidentiary ruling at this time as to the admissibility of such evidence.

## CONCLUSION

"[T]he court may properly . . . defer action on the motion and leave the sufficiency of the allegations for determination on the merits." *Augustus*, 306 F.2d at 868. The Court emphasizes that nothing in this order is a reflection or comment on the admissibility or relevance of evidence related to any of the complaint's allegations. The Court merely declines to strike sections of the complaint, which is a "drastic remedy," because defendant has not persuaded the Court that it is "required for the purposes of justice." *Id.* Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, March 21, 2014.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[24] *See* R. Doc. No. 52-1, at 5.