UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WIL WATSON, ET AL.                                    CIVIL ACTION

VERSUS                                                NO:      13-5503

CLEAR CHANNEL BROADCASTING, INC.                      SECTION: "I" (4)

ORDER

Before the Court is Defendant, Clear Channel Broadcasting, Inc.'s ("Clear Channel")

**Defendant's Motion to Compel (R. Doc. 79)** seeking this Court issue an Order compelling

Plaintiffs, Wil Watson et al. (collectively "Plaintiffs") to respond to its discovery in accordance with

Fed. R. Civ. P. 37. *See* R. Doc. 79, p. 1.  The motion is unopposed. It was heard by oral argument

on April 16, 2014.

I.      **Background**

Plaintiffs, Wil Watson, Gary Watson, Prixie Montgomery, Ave Gains, Darnetta

Mahaffy-Nelson, Dinah Campbell and Brandin Campbell, (collectively "Plaintiffs") instituted this

action based on discrimination and  disparate impact against Defendant, Clear Channel

Broadcasting, Inc. ("Clear Channel").[1] Plaintiffs, who are all African Americans, allege that "they

are or have recently been, employed by [defendant] as Account Executives (AE) in the New Orleans

market."[2]

---

[1] *See* R. Doc. 57, n. 4.

[2] *See* R. Doc. 57, p. 1, citing R. Doc. 38, ¶4.

Plaintiffs allege that "in February 2009, the defendant's 'management' employees, who are Caucasian, 'redistributed accounts [and] promoted the account switch as revenue neutral,' and announced that management's intent was to preserve the  existing commission income for all AE's."[3]

However, plaintiffs alleged that the accounts "which they 'had spent considerable time and money developing into significant and dependable advertisers were intentionally, and in a race-conscious way, or in the alternative, negligently, stripped away and assigned to Caucasian [AE's]'." Plaintiffs also contend that the "new advertising leads were assigned pursuant to a 'best hands' policy, which 'acted so as to perpetuate race-mediated account assignments' from 2009 to 2013."[4] The alleged "result of the continuing redistribution of accounts, whether intentional or negligent, [was that] African-American [AEs] were disparately, and negatively, impacted, to their severe economic detriment as compared to their Caucasian counterparts."[5]

On August 20, 2013, plaintiffs initiated the above-captioned matter with a complaint alleging race discrimination by defendant, the current and former employer of the seven plaintiffs. *See* R. Doc. No. 1. Defendant filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, R. Doc. No. 4, but the Court dismissed the motion after plaintiffs filed an amended complaint. *See* R. Doc. No. 38.[6] Defendant re-filed its motion to dismiss, as it pertained to the amended complaint, which was granted in part and denied in part by the presiding District Judge on January 22, 2014. *See* R. Doc. 39; R. Doc. 57. In its Order and Reasons, the

---

[3]*Id.* at p. 2, citing R. Doc. 38, ¶ 7.

[4]*Id.*

[5]*Id.*

[6]*See supra,* n. 1, citing R. Doc. 57, p. 1, n. 4.

presiding District Judge granted the motion in part, dismissing with prejudice all of Plaintiffs Title VII claims which arise before December 16, 2009; all of Plaintiffs state law LEDL claims that arose before February 20, 2012; and all of Plaintiffs § 1981 claims that arose before August 20, 2009. *Id.* at 19.

As to the instant motion, Clear Channel contends that on October 31, 2013, it served a First Set of Interrogatories and First Requests for Production on each Plaintiff. *See e.g.,* R. Doc. 79-1, p. 2. On December 16, 2013, Clear Channel contends that it received Plaintiffs' responses to the initial written discovery on Clear Channel. *Id.* Clear Channel contends however, that Plaintiffs failed to fully respond to each Interrogatory and Request for Production by providing form objections and refusing to answer many of the discovery requests, and failed to properly answer the Disclosures. *Id.* Clear Channel also contends that to avoid court intervention, its counsel repeatedly conferred with opposing counsel in an effort to obtain complete responses from December 2013. *Id.* citing R. Doc. 79-17, pp. 2-27.

Upon its belief that complete responses had been obtained, Clear Channel proceeded with Plaintiffs' depositions, only to learn that, in each of their depositions, they admitted to having discoverable material that they had not produced to their lawyer or to Clear Channel. *Id.* at 2. Therefore, counsel for Clear Channel contends that after the depositions, he sought further correspondence from Plaintiffs in order to obtain the information and documentation that Plaintiffs had referenced in their depositions, that were not produced.

Clear Channel also contends that it sought authorizations for medical records from all of the Plaintiffs, as they claim damages for mental anguish and / or physical manifestations thereof. However, one Plaintiffs, Ave Gaines, did not sign the authorization, nor did she sign a stipulation

3

indicating that she would not be seeking certain damages that would obviate the need for her medical records. *Id.* at 3; citing *Merrill v. Waffle House, Inc*., 227 F.R.D. 467, 470-474 (N.D. Tex. 2005). Therefore, Clear Channel filed the instant motion, contending that because discovery closes on April 15, 2014, and trial is scheduled for June 23, 2014, it seeks an Order from this Court compelling production of certain documents, such as Ave Gaines' medical records from third party providers, as well as documents referenced during depositions to be produced. *Id.*

## II.   **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court

4

must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues.  *Id.* at 26(b)(2)(C)(iii).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information … stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A).  This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at 34(b)(1)(A).  "The party to whom the request is directed must respond in writing within 30 days after being served." *Id.* at 34(b)(2)(A).  "For each item or category, the response must either state that inspection … will be permitted as requested or state an objection to the request, including the reasons." *Id.* at 34(b)(2)(B).  Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

## III.    Analysis:

Clear Channel's motion addresses the allegedly deficient discovery responses in several categories. The Court shall address them in turn:

### A.    Initial Disclosure Responses

Clear Channel contends that Plaintiffs' responses to their initial disclosures in accordance with Fed. R. Civ. P. 26(a), as Plaintiffs failed to provide a computation of each category of damages they claim they suffered. *See* R. Doc. 79-1, p. 4. Instead, Clear Channel contends that Plaintiffs merely stated "they are entitled to receive back pay, loss of income and/or earnings potential with benefits, punitive damages, general damages, attorney's fees and costs with legal interests as set out in the Complaint." *Id.* As such, Clear Channel now contends that this computation should have

included an identification of any accounts or leads each Plaintiff claims for which they contend that they should have been compensated for and was not. *Id.* Therefore, Clear Channel requests this Court order plaintiffs to provide complete answers to this disclosure.

Fed. R. Civ. P. 26(a)(1)(iii) requires:  "A computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." *See id.*

During oral argument, counsel for Clear Channel indicated that counsel for Plaintiffs, on April 15, 2014, produced several responses of Plaintiffs' showing approximate amounts of damages in "loan credit payments" "401k disbursements" and "lost revenue" from Plaintiffs Prixie Montgomery and Brandin Campbell. However, counsel for Clear Channel indicated that even though these responses were provided, they are still insufficient to comply with the specifications mandated by Fed. R. Civ. P. 26(a), as the responses fail to indicate, for example, where the lost wages derived from, whether it be from accounts or lost commission, and what the lost wages are in relation to these specific claims.

In opposition, counsel for Plaintiffs represented that he and his co-counselor were still attempting to collect and compute this information, but that they were not sure yet themselves of the total damages attributable. The Court found that the damages must be computed in compliance with Fed. R. Civ. P. 26(a). As such, the Court granted Clear Channel's request, and held that Plaintiffs must supplement their responses to produce the information mandated by Rule 26, including the computation of damages as to each particular claim of Plaintiffs with regards to each and every

account, commission or lost revenue they allege. Plaintiffs are ordered to supplement their responses no later than **ten (10) days** from the oral argument on this motion, or by **April 27, 2014.**

      **B.**      **<u>Interrogatories</u>**

      Clear Channel contends that Plaintiffs response to Interrogatory Number 4, which sought for Plaintiffs to identify any and all financial losses, including but not limited to, lost earnings, benefits payments, liquidated damages, attorney's fees, and costs which they attributed to the alleged acts of Clear Channel. This interrogatory also sought for Plaintiffs to identify each alleged financial loss with specificity, giving the dates on which each loss or expense was incurred, the amounts involved, and the nature of each loss or expense.

      In response to this Interrogatory each Plaintiff objected on the basis of overbreadth and unduly burdensome, as the request was not limited by date or by individual who sustained the loss. *See* R. Doc. 79-1, p. 5. Each of the Plaintiffs also responded that they were unable to adequately respond to the interrogatory as they were still in the process of obtaining more information and calculations. *Id.* Therefore, Clear Channel requests that the Court compel Plaintiffs to respond fully to this request with a response that includes an itemization of all damages as requested, including a designation by account of Plaintiffs who claimed to have lost to the extent they seek such damages. *Id.* at 5-6.

      Counsel for Plaintiffs reiterated that he and his co-counselor were still attempting to collect and compute this information, but that they were not sure yet themselves of the total damages attributable to each particular claim of Plaintiffs with regards to each and every account, commission or lost revenue they allege.

      The Court found this response to be insufficient, and ordered Plaintiffs to supplement their

responses no later than **ten (10) days** from the oral argument on this motion, or by **April 27, 2014.** to provide more complete information regarding the damage calculations of each of the plaintiffs claims of lost wages, mis-assigned leads, agency accounts, commissions, loan credit payments and 401k / fidelity disbursements.

### C.    **Deficient Requests for Production**

#### 1.    **Alleged Mental Anguish Damages**

Clear Channel contends that it requested each of the Plaintiffs to complete and return a HIPPA Complaint Authorization for Release of Health Information, in Request for Production Number 3, and an Authorization for Disclosure of Protected Health Information Psychotherapy Notes, in Request for Production Number 47, which would permit Defendant to obtain information from Plaintiff's medical providers, including those no longer employed by Clear Channel. *See* R. Doc. 79-1, p. 6. All of the Plaintiffs produced these documents, except for one Plaintiff, Ave Gaines. *Id.* As a result, Clear Channel seeks an Order from this Court requiring Plaintiff, Ave Gaines to produce these documents in response to Requests for Production Numbers 3 and 47.

During oral argument, counsel for Plaintiffs indicated that Plaintiff Ave Gaines did not seek to assert a claim for medical expenses, but rather, she only asserted a general pain and suffering claim. Therefore, he contended that her medical authorization was not necessary. The Court disagreed, and held that she either sought to maintain the claim for mental anguish damages, and would sign the authorization form, or she would forgo the claims by stipulation, and not be required to produce her medical authorization.

Counsel for Plaintiffs had his co-counsel contact Plaintiff Ave Gaines, to determine whether she sought to forgo or pursue her emotional distress claims. Plaintiff Gaines represented to her

8

attorney that she sought to forgo her emotional distress claims so as to avoid her being required to produce her medical authorization and medical records. As such, counsel for Plaintiffs indicated on the record that Plaintiff Gaines would execute a stipulation with her signature, by Monday, April 21, 2014, verifying her forfeiture of this claim. Therefore, the Court finds that upon Ave Gaines concession on the record, and the confection of the stipulation Clear Channel's request is denied as moot.

## 2.      Alleged Financial Losses

Clear Channel contends that because each of the Plaintiffs' claim that they have suffered financial losses, including running up credit card debt and incurring other loans simply to pay their monthly expenses, as a result of its alleged conduct. *See* R. Doc. 79-1, p. 8. As a result, Clear Channel requested credit card statements, information regarding their financial losses and information regarding their monthly expenses since 2008, but Plaintiffs have not produced complete information to these responses which will allow Defendant to defend such claims.

Therefore, Clear Channel seeks an Order from this Court compelling the Plaintiffs to respond fully to their discovery requests, which sought for Plaintiffs to produce documents, objects, things, notes or letters which relate and / detail their claims of liability, damages and financial losses; as well as for Plaintiffs to produce credit card statements reflecting interest, to the extent which Plaintiffs seek damages for increased credit card debt. *See e.g.,* R. Doc. 79-10. The specific requests at issue for the Plaintiffs are:

Brandin Campbell Request for Production Response Nos. 6, 13, 43, 46

Dinah Campbell Request for Production Response Nos. 6, 13, 43

Ave Gaines Request for Production Response Nos. 6, 13, 43, 46

Darnetta Mahaffy Nelson Request for Production Response Nos. 6, 13, 43

Prixie Montgomery Request for Production Response Nos. 6, 13, 43, 45

Gary Watson Request for Production Response Nos. 6, 13, 43, 45

Wil Watson Request for Production Response Nos. 6, 13, 44

During oral argument, Clear Channel and Plaintiffs were unable to reach an agreement as to the time frame of the requests as to each of the Plaintiffs. However, during oral argument, the Court determined that no credit card statements from earlier than February 1, 2009 would be required to be produced, as the presiding district judge dismissed the Plaintiffs' claims extending beyond 2009.

Therefore, the parties agreed to meet with the undersigned on April 17, 2014, to supply the Court with the relevant time period. However, after the hearing and  the parties emailed the Court with the following time period for the credit card statements that would be required to be produced, from February 1, 2009, as follows:

1) to March 1, 2014 for Wil Watson, Darnetta Mahaffy-Nelson, and Dinah Campbell;

2) to 3/29/2013 for Brandin Campbell;

3) to 1/04/2013 for Gary Watson;

4) to 12/09/2011 for Ave Gaines; and

5) to 5/04/2011 for Prixie Montgomery.

Therefore, the Court finds that Clear Channel's request as to these statements is granted as to the time frame set forth above. Plaintiffs are required to supplement their responses to these requests no later than **ten (10) days** from the oral argument on this motion, or by **April 27, 2014.**

**D.**   **Deposition Testimony or Stipulation**

Lastly, Clear Channel contends that Plaintiffs produced an account list that was clearly obtained from Clear Channel's premises. The document is over 900 pages long, and bears bates numbers PL2 200001 to PL2 200934.3 This document is clearly confidential information belonging to Clear Channel. At their deposition, each and every Plaintiff denied ever seeing the document or producing it to Plaintiffs' counsel, yet somehow, Clear Channel contends that the document was produced by Plaintiffs' counsel during discovery. *See* R. Doc. 79-1, pp. 8-9. Therefore, Clear Channel seeks an Order from this Court compelling Plaintiffs and their counsel to identify how this confidential document made it outside of the custody of Clear Channel and into the hands of Plaintiffs' counsel.

During oral argument, counsel for Plaintiff represented that he did not recall where he obtained this document, nor could any of his clients ascertain the source of this confidential document. The Court inquired as to whether or not Clear Channel had formerly requested this information via request for admission and / or by interrogatory request. Clear Channel indicated that it had not. Therefore, the Court determined that the request was premature.

However, before the Court finalized its ruling, counsel for Plaintiffs stated on the record that even if Clear Channel propounded a formal request to identify the origin of the document which Plaintiffs were asked about during their depositions, it would be futile, as neither counsel for Plaintiffs, nor Plaintiffs themselves had any knowledge as to where this document came from. Therefore, because of counsel for Plaintiffs stipulation on the record that the source is unknown, the Court denied Clear Channel's request.

## IV.    Conclusion

**IT IS ORDERED** that Defendant, Clear Channel Broadcasting, Inc's **Defendant's Motion**

11

to Compel (**R. Doc. 79**) is **GRANTED IN PART** and **DENIED AS MOOT IN PART** and **DENIED IN PART**.

      **IT IS GRANTED** as to Clear Channel's requests for supplementation to Plaintiffs' Initial Disclosures, Interrogatory Number 4, and Request for Production Response Nos. 6, 13, 43, 46 as to Brandin Campbell; Request for Production Response Nos. 6, 13, 43 as to Dinah Campbell; Request for Production Response Nos. 6, 13, 43, 46 as to Ave Gaines; Request for Production Response Nos. 6, 13, 43 as to Darnetta Mahaffy Nelson; Request for Production Response Nos. 6, 13, 43, 45 as to Prixie Montgomery; Request for Production Response Nos. 6, 13, 43, 45 as to Gary Watson; and Request for Production Response Nos. 6, 13, 44 as to Wil Watson, as indicated in detail above. **Plaintiffs are hereby ordered to produce this supplementation no later than ten (10) days from the oral argument on said motion, or by April 27, 2014.**

      **IT IS DENIED AS MOOT** as to Clear Channel's Request for Production of Document Numbers 3 and 47 as to Ave Gaines.

      **IT IS DENIED** as to Clear Channel's request to determine the origin of the confidential document disclosed to Plaintiffs.

        New Orleans, Louisiana, this 24th day of April 2014

           **KAREN WELLS ROBY**
      **UNITED STATES MAGISTRATE JUDGE**